IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| NATIONAL FITNESS HOLDINGS, INC., a Wyoming Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GRANDVIEW CORPORATE CENTRE, LLC, a Utah Limit Liability Company, and BAILEY N. HALL, an Individual<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS OR STAY ACTION<br><br><br><br>Case No. 1:12-CV-189 TS |

This matter is before the Court on Defendants Grandview Corporate Centre, LLC ("Grandview") and Bailey N. Hall's ("Hall") Motion to Dismiss or Stay Action. For the reasons discussed below, the Court will grant the Motion and dismiss the case.

I.  BACKGROUND

This case concerns the ownership of the stock of National Financial Systems, Inc. ("NFS") and Metronomics, Inc. ("Stock"), as well as the ownership of real property located in Layton, Utah ("Property") (collectively the "Assignment").

1

On June 14, 2012, this Court dismissed a related case involving J. Hoyt Stephenson ("Stephenson") because Stephenson was domiciled in Utah and the Court therefore lacked diversity jurisdiction over the state law claims.[1] The Honorable David Sam also held that Stephenson was domiciled in Utah on September 13, 2012,[2] and again, in a separate case, on September 14, 2012.[3]

On August 31, 2012, Stephenson incorporated NFS as a Wyoming Corporation of which Stephenson is the sole shareholder and director. On September 6, 2012, Stephenson transferred his interest in the Stock to NFS and on September 11, 2012, Stephenson conveyed his interest in the Property to NFS by quitclaim deed. Also on September 11, 2012, just eleven days after its incorporation, NFS filed its complaint in this case, asserting that this Court has diversity jurisdiction to hear Plaintiff's claims.

Defendants filed their Motion to Dismiss or Stay Action on September 23, 2012, arguing that this case should either be dismissed (1) because Stephenson manufactured diversity jurisdiction by improperly assigning the Stock and Property to Plaintiff in violation of 28 U.S.C. § 1359 or (2) because Stephenson and his wife are indispensable parties whose joinder would destroy complete diversity. In the alternative, Defendants argue that the Court should stay this litigation under the *Colorado River* doctrine. Plaintiff responds that this Court does have

---

[1] *Middleton v. Stephenson*, 2012 WL 2224451 at *6 (D. Utah June 14, 2012).

[2] Memorandum Decision and Order, *Stephenson v. Omni Health & Fitness Club of Mobile, LLC*, No. 1:12-CV-100, (D. Utah Sept. 13, 2012), ECF No. 45.

[3] Order on Motion to Remand, *Metronomics, Inc. v. Stephenson*, No. 1:12-CV-106, (D. Utah Sept. 14, 2012), ECF No. 19.

diversity jurisdiction because the Assignment was made for the proper purpose of insulating Stephenson from potential personal liability to third parties. Plaintiff also argues that neither Stephenson nor his wife are indispensable parties and that the *Colorado River* doctrine does not apply to this case.

## II. STANDARD OF REVIEW

Defendant has moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1). Challenges under Rule 12(b)(1) take one of two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," and (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[4] When there is a factual attack, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)."[5] Where, as here, resolving the jurisdictional claim does not require resolving an aspect of the substantive merits claim, a motion to dismiss is not converted into a motion under Rule 12(b)(6) or Rule 56.[6]

---

[4]*Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[5]*Id.* (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

[6]*See id.* (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

III. DISCUSSION

A.    STEPHENSON'S DOMICILE

As an initial matter, the Court notes that absent the Assignment, the Court would not have subject matter jurisdiction to hear this case because Stephenson is a citizen of Utah, not Wyoming.

"[D]iversity of citizenship is assessed at the time the action is filed."[7] It is a longstanding rule that the "'principles of *res judicata* apply to questions of jurisdiction as well as to other issues.'"[8] "In particular, dismissals for lack of jurisdiction 'preclude relitigation of the issues determined in ruling on the jurisdiction question.'"[9]

The three other cases involving Stephenson, mentioned above, were filed on March 31, 2011, April 13, 2012, and May 7, 2012. In each of those cases, the court determined that Stephenson was domiciled in Utah and therefore the court did not have jurisdiction to hear the case. Stephenson has not alleged facts that would show a change in domicile from the dates of the filing of the three prior cases to the date of the filing of the instant matter, September 11, 2012. The principles of res judicata therefore preclude relitigation of Stephenson's domicile.

---

[7] *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

[8] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (quoting *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932)).

[9] *Id.* (quoting *Matosantos Comm. Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001)).

B.       MANUFACTURED DIVERSITY

Plaintiff argues that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff is a Wyoming corporation while Defendants are domiciled in Utah. Defendants respond that this Court does not have subject matter jurisdiction in this case because diversity jurisdiction was manufactured in violation of 28 U.S.C. § 1359.

Pursuant to Section 1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."[10] Assignments between related corporate entities, or between a corporation and its directors and officers, are presumptively ineffective to create diversity jurisdiction.[11] "[A]s with other challenges to jurisdiction, a party charged with creating jurisdiction by collusion bears the burden of demonstrating that jurisdiction is proper."[12]

District courts look to the following factors to determine whether an assignment is legitimate or pretextual:

> (1) whether and to what extent the assignee has a preexisting financial interest, (2) whether adequate consideration exchanged hands, (3) whether the underlying

---

[10] 28 U.S.C. § 1359.

[11] *Canton Indus. Corp. v. Mi-Jack Prods., Inc.*, 944 F. Supp 853, 857 (D. Utah 1996) ("Assignments 'between parent companies and subsidiaries' are 'presumptively ineffective to create diversity jurisdiction.'") (quoting *Nike Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 991 (9th Cir. 1994)); *see Dweck v. Japan CBM Corp.*, 877 F.2d 790, 792 (9th Cir. 1989) ("[A]ssignments between parent and subsidiary corporations are presumptively ineffective to create diversity jurisdiction.") (internal quotation marks omitted).

[12] *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962), *cert. denied*, 372 U.S. 928 (1963).

5

motivation of the assignment involved a sufficiently compelling business purpose that the assignment would have been made absent the purpose of gaining a federal forum, (4) whether the timing of the assignment supports an inference that the assignment was not entered into to create diversity, (5) whether the assignor has transferred all interest in the litigation, and (6) whether the assignee is financing the litigation.[13]

Considering these factors, the Court finds that the Assignment was improperly made for the purpose of manufacturing diversity jurisdiction. As to the first factor, Plaintiff, the assignee, could have had no preexisting financial interest because Plaintiff came into existence only eleven days before the Assignment. Under the second factor, Plaintiff has not stated what, if any, consideration exchanged hands. As Plaintiff is the sole shareholder and director of NFS, however, any consideration that NFS paid to Stephenson likely would have been paid either by Stephenson himself or a company controlled by him. Under the third factor, Plaintiff states that Stephenson created NFS to "insulate himself from the potential personal liability to third parties created by the improper actions of Hall."[14] Although this is a conceivable business purpose, the Court does not find Plaintiff's statement credible in light of the fourth factor—timing. Not only was NFS incorporated less than three months after this Court's decision finding that Stephenson was domiciled in Utah, NFS also filed its Complaint in this case only eleven days after its incorporation and on the very same day that the Assignment was complete. Finally, as to the fifth and sixth factors, Stephenson failed to transfer all his interest in the litigation to NFS because, as the sole shareholder of NFS, Stephenson retains the same interest in this litigation

---

[13]*Canton*, 944 F. Supp at 857 (quoting *W. Farm Credit Bank v. Hamakua Sugar Co., Inc.*, 841 F. Supp. 976, 982 (D. Haw. 1994)).

[14]Docket No. 27 at 11.

that he had before he made the Assignment.  Similarly, as NFS's sole shareholder, Stephenson is likely financing the litigation before the Court and he has not presented evidence to the contrary.

Having considered each of the above factors, the Court finds that the Assignment was improperly made in an attempt to create diversity jurisdiction in contravention of 28 U.S.C. § 1359.  The Court therefore lacks subject matter jurisdiction to hear this case.  It follows that the Court is without jurisdiction to consider the parties' remaining arguments.

## IV.  CONCLUSION

It is therefore ORDERED

that Defendant's Motion to Dismiss or Stay Action (Docket No. 11) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Speedy Declaratory Judgment, Temporary Restraining Order and/or Preliminary Injunction (Docket No. 7) is DENIED as moot.  It is further

ORDERED that National Financial Systems Management, Inc.'s Motion to Intervene (Docket No. 28) is DENIED as moot.  It is further

ORDERED that Plaintiff's Motion to Strike or Deny NFSM's Motion to Intervene for Failure to File a Memorandum of Supporting Authorities (Docket No. 32) is DENIED as moot.  It is further

ORDERED that Defendants' Motion for Preliminary Discovery Re Stephenson's Domicile (Docket No. 33) is DENIED as moot.  It is further

ORDERED that National Financial Systems Management, Inc.'s Motion to Intervene (Corrected) (Docket No. 36) is DENIED as moot.  It is further

ORDERED that the hearing set in this case for January 28, 2013, is STRICKEN.

The Clerk of the Court is directed to close this case forthwith.

DATED   December 20, 2012.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge